### Frank Lindley v. John Bahls et al.

1. BILL FOR DISCOVERY—*how answer to, denying fraud charged, must be overcome.* Where a sworn answer is interposed to a bill for discovery and it denies the allegations of fraud contained in the bill, such answer can only be overcome by the testimony of two witnesses or by that of one witness and circumstances equal to that of another.

Creditor's bill. Appeal from the Circuit Court of Vermilion · county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

O. M. JONES, for appellant.

REARICK & MEEKS, for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

This was a creditor's bill filed by Frank Lindley asking for discovery and relief against John Bahls and Sophia Bahls (husband and wife) and. Percy L. Platt, in the Circuit Court of Vermilion county..

Issue was joined upon the cause stated in the bill and referred to a special master in chancery, who took the evidence in the case and reported the same to the court together with his findings in favor of the defendants in the court below, to which findings by such master objections and exceptions were urged. A decree was rendered upon the hearing sustaining such findings and dismissing complainant's bill for want of equity. Lindley appealed.

The bill charged in substance that appellant recovered a judgment against John Bahls, by confession, upon the third day of October, 1902, in the Circuit Court of Vermilion county, based upon a promissory note dated the twenty-fifth day of March, 1896; that execution was duly issued upon said judgment on said October 3, 1902, and duly returned "no property found" on the sixth day of October, 1902; that said John Bahls, on the 7th day of July, 1902, was the owner in fee of the land or lots in question in said Vermilion county, which he and his wife, on that date, by their pretended deed, conveyed to Percy L. Platt for the pretended consideration of one dollar; that said Percy L. Platt, on the same day, by his pretended deed of conveyance, conveyed said premises to said Sophia Bahls for the pretended consideration of one dollar. The bill further charges that each of said conveyances was made with the intent and for the purpose of hindering and delaying said Lindley in the collection of his said debt and that each of said deeds was without valuable consideration.

Appellant, in his bill, asked for discovery, for answers under oath, and specific answer to several interrogatories attached to the bill.

Each of the defendants filed a separate answer and also made separate answers to the interrogatories stated by appellant. John Bahls and Sophia Bahls each filed a sworn answer wholly denying the allegations of fraud and positively denying that the deeds involved were made to defeat or delay any creditor.

The answer of Sophia Bahls set up, in substance, that the real consideration for the transfer of said property amounted to nearly $5,000, which she paid to the said John Bahls, or had paid to his creditors, or for taxes and expenses upon the property itself; that said premises were in fact the homestead of said John and Sophia Bahls and occupied by them as such; that for many years the said John had not contributed to the support of his family; that said Sophia had paid the grocery bills, purchased the fuel and paid the living expenses of the family and had earned a part of the money with which to pay the same by keeping boarders, while another part came from the earnings of her children and from money given to her by her son who was of age; that the said John had, sometime previously, mortgaged the property to the Germania Building Association, and that said Sophia to prevent a sale thereunder, had paid dues and interest to said association; that she had paid to said association out of her own earnings $1,704.53 and had also paid a judgment against said John in the further sum of $415.68; that she had been compelled to borrow upon said property with which to pay other indebtedness of said John Bahls, the sum of $1,500, making in all expenditures of over $3,600 made by her upon account of said property; that she had both a homestead interest and inchoate right of dower in said premises; that said deed or deeds were made, to invest said Sophia with the title to said premises and compensate her for such payments so made by her, and were not made with fraudulent intent to defeat the said Lindley or any other creditor of said John Bahls. The answer of John Bahls was, in substance, the same as that of his wife, while the answer of Percy L. Platt was to the effect that he knew nothing concerning the allegations of fraud stated in the bill of complaint.

Replications were duly filed and the cause referred to the special master to take and report the proofs.

The evidence was heard by such master, who made a report thereon finding that the title acquired by the said conveyance was not fraudulent but was obtained in good faith and for a valuable consideration. Objections and exceptions were filed to such report and the cause heard upon the bill, answer and proofs, and report, and upon the hearing, decree was rendered in favor of appellees, and appellant's bill was dismissed at his costs for want of equity.

Upon the issues as closed, *i. e.*, after answers sworn to had been filed in compliance with the prayer of appellant's bill, in which all fraud was denied by both John and Sophia Bahls, and denial also made that the deeds of conveyance were made for a nominal consideration and to defeat creditors, it was incumbent upon appellant, the party charging fraud in such conveyance, to establish the same by the testimony of two witnesses, or by that of one witness and circumstances equal to that of another. Merchants Nat. Bank v. Lyon 185 Ill. 343.

There was no sufficient evidence in the record, on the part of appellant, to warrant the rendering of any decree other than the one which the chancellor entered. The only testimony offered by appellant bearing upon the question of the alleged fraud in the conveyances, came from one Charles F. Runyan, who testified that in July, 1902, he had a conversation with Percy Platt, who said to him that "the Bahls had paid him $5 to arrange the property so that they would be execution proof and that if they had come to him earlier they would not have been compelled to pay anything in payment of debts." This testimony was positively denied by Mr. Platt, who says that no conversation of the kind took place, as testified to by Runyan. It could not be said, therefore, that even the testimony of *one* witness remains in the case to establish the fraud charged by appellant, much less that of two witnesses, or that of one and circumstances equivalent to that of another.

The evidence further tends to show that the property involved was worth about $4,000 and that the building association of which Platt was the secretary, would not make the loan of $1,500 unless John Bahls would deed the property to his wife, as upon a previous loan he had never paid his dues in apt time and was always in arrears. The testimony of Joe Bahls (son of John and Sophia Bahls) strongly corroborated the sworn answer of the said John and Sophia Bahls, to the effect that the mother supported the family consisting of John and Sophia Bahls and eight children; that she kept boarders and paid the interest on the mortgages and the taxes on the property and paid the grocery bills, and that for the last ten or twelve years before the $1,500 mortgage was made, the father never provided any money for the support of the family. Upon such a showing the chancellor did right in holding that appellant had not supported the allegations of fraud in his bill, by such evidence as the law requires.

The decree of the lower court was right and is affirmed.

*Affirmed.*